IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CAESAR, | No. C 08-1977 SBA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND AND ADDRESSING PENDING MOTIONS** |
| v. | |
| ROBERT HOREL, et al., | (Docket nos. 2, 9) |
| Defendants. | |

Plaintiff Danny Caesar filed this pro se civil rights action under 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison (PBSP). He has paid the full filing fee.

Venue is proper in this district because PBSP is in Del Norte County, which is located in this district. See 28 U.S.C. § 1391(b).

**BACKGROUND**

In his complaint, Plaintiff alleges various claims, including deliberate indifference to his serious medical needs and supervisory liability claims, against the following PBSP prison officials: Warden Robert Horel, Medical Appeals Coordinator J. J. Kravitz, Chief Medical Officer Dr. Sayre, Primary Care Provider Dr. Rowe, and Psychiatrist Dr. Douglas.

Plaintiff seeks monetary damages.

**DISCUSSION**

**I.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

## II.      Exhaustion

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain,

speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id. at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. See Porter, 534 U.S. at 525.

A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), cert. denied, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. Id.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). See id. at 1237-38.

Here, the record is unclear whether Plaintiff exhausted his claims to the Director's level before filing his federal complaint. Plaintiff contends he has filed "at least ten" administrative appeals (602 inmate appeals) relating to his claims, but states that some were "cancelled." (Compl. at 1.) It thus appears Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). If the allegations that his appeals were cancelled are true, however, it may be that administrative remedies are not "available" within the meaning of the statute. Attached to Plaintiff's complaint are several 602 appeals relating to various constitutional violations, some of which were not fully exhausted. For example, Plaintiff filed inmate appeal log numbers IA-18-2008-11897 and IA-18-

2007-11514 in which he complained that Defendant Rowe did not provide him with medication and a cane, respectively. Both appeals were "cancelled" because Plaintiff "refused to interview." Therefore, some of his claims appear to be unexhausted. The Court further notes that the additional 602 appeals attached to his complaint are not directly related to his claims against the named Defendants, and some do not even have appeal log numbers.

Accordingly, it appears that Plaintiff's claims are unexhausted and subject to dismissal. Therefore, Plaintiff's complaint is DISMISSED with leave to amend his complaint to prove that he exhausted all of his claims against each Defendant. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below. Furthermore, in his amended complaint, Plaintiff must also link each Defendant to his claims by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Conclusory allegations of wrongdoing, similar to his allegations in the instant complaint, will not do. Id.

**III.   Legal Claims**

    **A.   Deliberate Indifference to Serious Medical Needs**

Deliberate indifference to his serious medical needs is a cognizable claim for violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;

the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant. Id. at 1060. Second, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. Id.; Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). But the court need not find that the defendant's actions are egregious or that they resulted in significant injury to the prisoner in order to find a violation of the prisoner's federal constitutional rights. Id. at 1060, 1061.

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).

Here, Plaintiff alleges that Defendants are "mistreating" his medical conditions, which could lead to "an eventual cancer, by constant bombardment of intentional (staff acting in concert) aggrevations [sic]." (Compl. at 3.) He also claims that "the staff refuses to give [him] any shower-stool, and thereby [he's] forced to regularly have a seated shower [on the shelf] . . . others use to [put] their shower items while showering." (Id.) Without more, Plaintiff's allegations fail to state a claim for relief under § 1983 because he does not specify how Defendants are acting with deliberate indifference to his serious medical needs. Furthermore, his allegation regarding the prison staff's refusal to give him a shower stool does rise to the level of deliberate indifference, and it does not even amount to more than negligence. See, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to

5

alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).

Accordingly, Plaintiff's deliberate indifference claims are DISMISSED for failure to state a claim. However, his claims will be dismissed with leave to amend to allege facts sufficient to state a claim for deliberate indifference under the standard explained above. Plaintiff may file an amended complaint if he can in good faith allege facts, subject to proof, which support the inference that the named Defendants have acted with deliberate indifference to his serious medical needs. If Plaintiff fails to file an amended complaint, his deliberate indifference claims will be dismissed with prejudice.

### B.    Claims Relating to Grievance Process

Plaintiff names Defendant Kravitz, PBSP Medical Appeals Coordinator, as a defendant in this action. (Compl. at 3.) Presumably, Plaintiff is claiming that Defendant Kravitz either denied his administrative appeals or failed to respond to them. Although there is a First Amendment right to petition the government for a redress of grievances, there is no right to a response or any particular action. See Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance."). Plaintiff has therefore failed to state a claim against Defendant Kravitz. Accordingly, Plaintiff's claim against Defendant Kravitz relating to the grievance process is dismissed with prejudice.

### C.    Supervisory Liability Claims

Plaintiff claims Defendant Horel, the Warden at PBSP, and Defendant Sayre, the Chief Medical Officer at PBSP, are liable as supervisors. Plaintiff must allege that Defendants Horel and Sayre "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). He has not made such a claim. Accordingly, Plaintiff's supervisory liability claims against Defendants Horel and Sayre are dismissed with leave to amend.

### D.    Claims Against Doe Defendants

Plaintiff asserts claims against unnamed members of the "staff" at PBSP, which the Court construes as claims against Doe Defendants whose names he intends to learn through discovery. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corr., 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, the claims against the Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn their identities, he may move to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### IV. Plaintiff's Motion for a TRO

Plaintiff has filed a motion for a temporary restraining order (TRO) (docket no. 9). He asks the Court to issue a TRO "that would temporarily transfer [him] to another prison for the main purpose [of] medical (fair) care, avoidance of deliberate torture, and to keep from being robbed . . . silly by Warden Horel's Ku Klux Klan styled administration." (Mot. for TRO at 1.)

A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant certifies in writing the efforts, if any, that have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Neither is the case here. Accordingly, Plaintiff's motion for a TRO (docket no. 9) is DENIED.

### V. Plaintiff's Request for Appointment of Counsel

Plaintiff has filed a document entitled "Motion to Have the Court Put Petitioner's Name on the List for the Pro Bono Project" (docket no. 2), which the Court construes as a request for appointment

7

of counsel.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Accordingly, the request for appointment of counsel at this time is DENIED. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings, that is, after Plaintiff has filed an amended complaint, Defendants have been served, and Defendants have filed their dispositive motion. Therefore, Plaintiff may file a renewed motion for the appointment of counsel at that time, when the Court will have a better understanding of the procedural and substantive matters at issue. If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to agree to represent Plaintiff pro bono.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's Eighth Amendment claims for deliberate indifference to serious medical needs are DISMISSED with leave to amend.

2.  Plaintiff's claim against Defendant Kravitz relating to the grievance process is

8

dismissed with prejudice.

3. Plaintiff's supervisory liability claims against Defendants Horel and Sayre are dismissed with leave to amend.

4. Plaintiff's claims against the Doe Defendants are DISMISSED without prejudice.

5. Within **thirty (30) days** from the date of this Order Plaintiff shall file an amended complaint as set forth above.  Plaintiff must use the attached civil rights form, write the case number for this action on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.  Plaintiff's failure to file an amended complaint will result in the dismissal of this action with prejudice for failure to state a cognizable claim for relief and for failure to exhaust available administrative remedies.

6. Plaintiff's motion for a TRO (docket no. 9) is DENIED.

7. Plaintiff's "Motion to Have the Court Put Petitioner's Name on the List for the Pro Bono Project" (docket no. 2) is construed as a request for appointment of counsel, and the Court DENIES his request.

8. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

9. This Order terminates Docket nos. 2 and 9.

IT IS SO ORDERED.

DATED: 10/21/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.08\Caesar1977.DWLA.wpd 9

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DANNY CAESAR,

        Plaintiff,

v.

ROBET HOREL et al,

        Defendant.

Case Number: CV08-01977 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny L. Caesar D-07644
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: October 22, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.08\Caesar1977.DWLA.wpd 10