1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    DANNY CAESAR,                                    No. C 08-1977 SBA (PR)

4           Plaintiff,                                **ORDER REGARDING SERVICE OF**
                                                       **PROCESS; AND DISMISSING ADA AND**
5    v.                                               **SECTION 504 CLAIMS AGAINST**
                                                       **DEFENDANTS PBSP AND CDCR**
6    ROBERT HOREL, et al.,

7           Defendants.

8    _____/

9                                **BACKGROUND**

10        Plaintiff, a state prisoner currently incarcerated at California State Prison - Corcoran, filed a

11   pro se prisoner complaint under 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison

12   (PBSP), where he was formerly incarcerated.  Thereafter, Plaintiff filed a first amended complaint

13   (FAC) adding additional Defendants.

14        On October 29, 2010, the Court reviewed the FAC and found that Plaintiff's allegations

15   stated a cognizable claim of deliberate indifference to serious medical needs against Defendants

16   Horel, Sayre, Rowe, Williams and Douglas, as well as cognizable supervisory liability claims

17   against Defendants Horel and Sayre.  However, the Court explained that Plaintiff, rather than the

18   U.S. Marshal, had to tend to serving the summons and FAC on these Defendants because he paid the

19   filing fee in this matter and was not proceeding as a pauper.  The Court ordered that Plaintiff "shall

20   either provide the Court with proof of service of the summons and [FAC] upon the Defendants

21   against whom he alleges his deliberate indifference to serious medical needs and supervisory

22   liability claims, or otherwise show cause why the [FAC] should not be dismissed without prejudice

23   as to each unserved Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure."  (Oct.

24   29, 2010 Order at 13.)  Plaintiff was also directed to file an amendment to the FAC containing

25   amended ADA and Section 504 claims[1] against PBSP and the California Department of Corrections

26   and Rehabilitation (CDCR).  The Court dismissed the remaining claims against all other Defendants.

27

28        [1] Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.§ 12101 et seq.,
     and Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a),
     prohibit discrimination on the basis of disability in the programs, services or activities of a public
     entity.

1  Plaintiff was given thirty days to file his response to the Court's October 29, 2010 Order.

2        In an Order dated December 1, 2010, the Court granted Plaintiff's request for an extension of

3  time up to and including December 30, 2010 for him to: (1) file his amendment to the FAC; and

4  (2) show proof that he has served those Defendants against whom cognizable claims for relief have

5  been found, or to show cause why such Defendants should not be dismissed from this action without

6  prejudice.

7        On November 23, 2010, Plaintiff attempted to serve process on Defendants by mailing the

8  summons, the FAC, and the amendment to the FAC to them by "placing a true copy(s) or said

9  documents[s] enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States

10 Mail, in a deposit box so provided at Corcoran State Prison, Corcoran, CA 92312" and addressed to

11 each Defendant.

12       On November 29, 2010, Plaintiff filed his amendment to the FAC.[2]

13                                      **DISCUSSION**

14 **I.       Ineffective Service of Process on Defendants**

15       Defendants have never responded and have not appeared in this action.  Instead, Plaintiff has

16 submitted a document entitled, "Joint Case Management Statement," to which he has attached a

17 letter from William Barnts, the litigation coordinator at PBSP, who stated that he was "returning the

18 lawsuit packets back to [Plaintiff]" because "the service of the lawsuit is invalid."  (Dec. 3, 2010

19 Letter by Litigation Coordinator William Barnts at 1.)  Therefore, the record shows that Plaintiff

20 failed to successfully accomplish service of process.

21       Under Federal Rule of Civil Procedure 4, an individual defendant may be served with

22 process by "(1) following state law for serving a summons in an action brought in courts of general

23 jurisdiction in the state where the district court is located or where service is made," or "(2) doing

24

25       [2] On November 29, 2010 Plaintiff filed papers entitled "Amended ADA Claims" addressing
   his ADA and Section 504 claims; therefore, the Court construes this as an amendment to the FAC.
   The Court notes that Plaintiff also filed another document on November 29, 2010 entitled,
26 "Amended Complaint;" however, Plaintiff has not been given leave to file a second amended
   complaint.  In fact, the Court stressed that no such leave would be granted by stating: "Plaintiff shall
27 resubmit only his amended ADA and Section 504 claims and not the entire complaint."  (Oct. 29.
   2010 Order at 12-13.)  In any event, the "Amended Complaint," dated November 4, 2008, is thirty-
28 two pages long, which is the same date and length as the original FAC.  Therefore, the Court
   construes this filing as a duplicate copy of the FAC.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   any of the following: (A) delivering a copy of the summons and of the complaint to the individual

2   personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with

3   someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an

4   agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

5   Service by mail is not allowed under Rule 4.

6          Although Rule 4 allows a plaintiff to utilize methods allowed by state law, California law

7   does not allow for service of process by simply mailing a copy of the summons and complaint to a

8   defendant.  Instead, if one wants to try to use the mail for service in California, he must use the

9   specific notice and acknowledgment of receipt procedure described in California Code of Civil

10  Procedure § 415.30.  Under that method, the following must be mailed first class to the defendant by

11  someone other than the plaintiff: (a) a copy of the summons and complaint, or in this case -- the

12  FAC, (b) two copies of the notice and acknowledgment form, and (c) a return envelope, postage

13  prepaid, addressed to the sender.  The notice and acknowledgment form must be in "substantially the

14  form" as that in the text of § 415.30(b).  If a defendant mails back the form, service is deemed

15  complete upon his execution of the written acknowledgment of receipt of summons.  Cal. Code Civ.

16  Proc. § 415.30(c).  If a defendant does not mail back the form within twenty (20) days, the plaintiff

17  must serve him by some other means, id. at § 415.30(d), such as one of those methods permitted by

18  Federal Rule of Civil Procedure 4(e).  This state procedure has many similarities to Rule 4(d)'s

19  waiver of service procedure, but a plaintiff must be extremely careful to follow all the steps that

20  apply to the particular procedure he chooses.

21         Here, the method employed by Plaintiff to accomplish service of process was defective.

22  Defendants have not been served properly.  Accordingly, Plaintiff will be given one **final** chance to

23  accomplish service of process.  No later than **June 10, 2011**, Plaintiff must file proofs of service

24  showing that the summons and FAC were successfully served on Defendants Horel, Sayre, Rowe,

25  Williams and Douglas, as directed below.

26  **II.     Review of Amendment to the FAC**

27         As mentioned above, the Court directed Plaintiff to amend his ADA and Section 504 claims

28  against Defendants PBSP and the CDCR.  The Court now conducts its review of the amendment to

3

**United States District Court**
For the Northern District of California

1   the FAC (docket no. 32) pursuant to 28 U.S.C. § 1915A.

2   In its October 29, 2010 Order, the Court explained what constituted a cause of action under

3   Title II of the ADA and Section 504:

4   Title II of the ADA, 42 U.S.C.§ 12101 et seq., and § 504 of the
Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a) ,

5   prohibit discrimination on the basis of disability in the programs, services or
activities of a public entity.  The elements of a cause of action under Title II of the

6   ADA are: (1) that the plaintiff is a qualified individual with a disability; (2) that the
plaintiff was either excluded from participation in or denied the benefits of a

7   service, program, or activity of a public entity, or was otherwise discriminated
against by the public entity; and (3) that such exclusion, denial of benefits, or

8   discrimination was by reason of disability.  Duvall v. County of Kitsap, 260 F.3d
1124, 1135 (9th 2001); 42 U.S.C. § 12132.  A cause of action under § 504 of the

9   Rehabilitation Act essentially parallels an ADA cause of action. See Olmstead v.
Zimring, 527 U.S. 581, 589-90 (1999); Duvall, 260 F.3d at 1135.  A qualifying

10  "disability" is "(A) a physical or mental impairment that substantially limits one or
more of the major life activities of such individual; (B) a record of such an

11  impairment; or (C) being regarded as having such an impairment."  42 U.S.C.
§ 12102(2).

12

13  Federal regulations require a public entity to "make reasonable
modifications in policies, practices, or procedures when the modifications are

14  necessary to avoid discrimination on the basis of disability, unless the public entity
can demonstrate that making the modifications would fundamentally alter the
nature of the service, program, or activity."  28 C.F.R. § 35.130(b)(7).

15  (Oct. 29, 2010 Order at 9.)

16  Here, Plaintiff's amendment to the FAC, when liberally construed, fails to state a cognizable

17  claim for relief under Title II of the ADA.  Specifically, Plaintiff claims that he is an individual with

18  a disability, i.e. he is a disabled veteran with frostbite residuals, and that the CDCR and PBSP have

19  "instituted a policy, although unwritten and illegal, of discrimination, retaliation, and torture,  as a

20  means of force to be reckoned with."  (Am. to FAC at 1.)  He alleges that PBSP and the CDCR

21  created "tortuous living environments for [him] to live in; environment constructions in direct

22  corresponse [sic] to known medical impediments; torture that lead to exploiting [his] feet condition

23  by constant cold and wet weather living conditions."  (Id. at 13.)  Plaintiff does not allege the

24  remaining two elements of a cognizable ADA claim, specifically that he has been excluded from

25  participating in a prison program or service, and such exclusion is by reason of his disability.  At

26  most, the Plaintiff makes conclusory arguments that PBSP and the CDCR carried out a "campaign of

27  torture" against Plaintiff.  (Id. at 14.)  Furthermore, Plaintiff may not request punitive damages if he

28  wishes to sue under Title II of the ADA.  See Barnes v. Gorman, 536 U.S.181, 189 (2002).

**United States District Court**
For the Northern District of California

1  Accordingly, Plaintiff's ADA and Section 504 claims against PBSP and the CDCR are DISMISSED

2  for failure to state a cognizable claim for relief.

3  **CONCLUSION**

4      For the reasons outlined above, the Court orders as follows:

5      1.      No later than **June 10, 2011**, Plaintiff must file proofs of service showing that the

6  summons and FAC were successfully served on Defendants Horel, Sayre, Rowe, Williams and

7  Douglas.

8          a.      If Plaintiff attempts to use the notice and acknowledgment of receipt

9  procedure outlined above, and one or more defendants do not mail back the forms, he must show

10  that he has used another method to accomplish service of process by the deadline above.

11          b.      **Failure to file proof by the deadline that service of process was**

12  **successfully accomplished by the deadline above will result in the dismissal of this action or**

13  **any unserved defendant.  Because Plaintiff has already been granted a previous extension of**

14  **time to serve Defendants, no further extensions with be granted absent exigent circumstances.**

15          c.      The Clerk of the Court shall issue a summons for each of the following

16  Defendants -- **Warden Robert Horel, Chief Medical Officer Dr. Sayre, Primary Care Provider**

17  **Dr. Rowe, Physician C. Williams and Psychiatrist Dr. Douglas** -- all of whom apparently were

18  employed at PBSP during the time period of the alleged constitutional violations, and shall send

19  those summonses to Plaintiff for his use in service of process.

20      2.      Plaintiff's ADA and Section 504 claims against PBSP and the CDCR are

21  DISMISSED for failure to state a cognizable claim for relief.

22      IT IS SO ORDERED.

23  DATED:     5/10/11                          _____
                                                SAUNDRA BROWN ARMSTRONG
24                                              UNITED STATES DISTRICT JUDGE

25

26

27

28

G:\PRO-SE\SBA\CR.08\Caesar1977.SERVICEprobs&DISMISSamCLAIMS.wpd
                                              5

**United States District Court**
For the Northern District of California

1

2 UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF
3 CALIFORNIA

4

5

6 DANNY CAESAR,

Case Number: CV08-01977 SBA
7           Plaintiff,

**CERTIFICATE OF SERVICE**
8   v.

9 ROBET HOREL et al,

10           Defendant.
                                            /
11

12 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.
13
That on May 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
14 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
15 receptacle located in the Clerk's office.

16

17
Danny L. Caesar D-07644
18 Corcoran State Prison
P.O. Box 3481
19 Corcoran,  CA 93212

20 Dated: May 13, 2011

Richard W. Wieking, Clerk
21 By: LISA R CLARK, Deputy Clerk

22

23

24

25

26

27

28

G:\PRO-SE\SBA\CR.08\Caesar1977.SERVICEprobs&DISMISSamCLAIMS.wpd