IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANNY CAESAR,

    Plaintiff,

v.

ROBERT HOREL, et al.,

    Defendants.

No. C 08-1977 SBA (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING HIS THIRD REQUEST FOR APPOINTMENT OF COUNSEL; AND GRANTING HIM A THIRD EXTENSION OF TIME TO FILE PROOF OF SERVICE OF PROCESS ON DEFENDANTS**

/ (Docket no. 48)

The following background is taken from the Court's May 10, 2011 Order:

> Plaintiff, a state prisoner currently incarcerated at California State Prison - Corcoran, filed a pro se prisoner complaint under 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison (PBSP), where he was formerly incarcerated. Thereafter, Plaintiff filed a first amended complaint (FAC) adding additional Defendants.
>
> On October 29, 2010, the Court reviewed the FAC and found that Plaintiff's allegations stated a cognizable claim of deliberate indifference to serious medical needs against Defendants Horel, Sayre, Rowe, Williams and Douglas, as well as cognizable supervisory liability claims against Defendants Horel and Sayre. However, the Court explained that Plaintiff, rather than the U.S. Marshal, had to tend to serving the summons and FAC on these Defendants because he paid the filing fee in this matter and was not proceeding as a pauper. The Court ordered that Plaintiff "shall either provide the Court with proof of service of the summons and [FAC] upon the Defendants against whom he alleges his deliberate indifference to serious medical needs and supervisory liability claims, or otherwise show cause why the [FAC] should not be dismissed without prejudice as to each unserved Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." (Oct. 29, 2010 Order at 13.) Plaintiff was also directed to file an amendment to the FAC containing amended ADA and Section 504 claims[1] against PBSP and the California Department of Corrections and Rehabilitation (CDCR). The Court dismissed the remaining claims against all other Defendants. Plaintiff was given thirty days to file his response to the Court's October 29, 2010 Order.
>
> In an Order dated December 1, 2010, the Court granted Plaintiff's request for an extension of time up to and including December 30, 2010 for him to: (1) file his amendment to the FAC; and (2) show proof that he has served those Defendants against whom cognizable claims for relief have been found, or to show cause why such Defendants should not be dismissed from this action without prejudice.
>
> On November 23, 2010, Plaintiff attempted to serve process on Defendants by mailing the summons, the FAC, and the amendment to the FAC to them by

---

[1] Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.§ 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs, services or activities of a public entity.

**United States District Court**
**For the Northern District of California**

> "placing a true copy(s) or said documents[s] enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States Mail, in a deposit box so provided at Corcoran State Prison, Corcoran, CA 92312" and addressed to each Defendant.
>
> On November 29, 2010, Plaintiff filed his amendment to the FAC.

(May 10, 2011 Order at 1-2 (footnote in original).)

In its May 10, 2011 Order, the Court determined that the "method employed by Plaintiff to accomplish service of process was defective." (Id. at 3.) The Court granted Plaintiff "one **final** chance to accomplish service of process," stating: "No later than **June 10, 2011**, [he] must file proof[] of service showing that the summons and FAC were successfully served on Defendants Horel, Sayre, Rowe, Williams and Douglas . . . ." (Id. (emphasis in original).) The Court directed the Clerk of the Court to "issue a summons for each of the following Defendants -- **Warden Robert Horel, Chief Medical Officer Dr. Sayre, Primary Care Provider Dr. Rowe, Physician C. Williams and Psychiatrist Dr. Douglas** -- all of whom apparently were employed at PBSP during the time period of the alleged constitutional violations, and shall send those summonses to Plaintiff for his use in service of process." (Id. at 5 (emphasis in original).) The Court also reviewed Plaintiff's amendment to the FAC and determined that he "fail[ed] to state a cognizable claim for relief under Title II of the ADA," stating:

> Plaintiff does not allege the remaining two elements of a cognizable ADA claim, specifically that he has been excluded from participating in a prison program or service, and such exclusion is by reason of his disability. At most, the Plaintiff makes conclusory arguments that PBSP and the CDCR carried out a "campaign of torture" against Plaintiff.

(Id. at 4 (citing Am. to FAC at 14).) Therefore, the Court dismissed Plaintiff's ADA and Section 504 claims against PBSP and the CDCR for failure to state a cognizable claim for relief.

On May 25, 2011, Plaintiff filed a motion for reconsideration in which he requests the Court to reconsider its dismissal of his ADA and Section 504 claims. The Court will construe his request as a motion for leave to file a motion for reconsideration pursuant to Local Rule 7-9(a). See Civil L.R. 7-9(a). Plaintiff has also filed a third request for appointment of counsel.

On May 31, 2011, Plaintiff sent a letter to the Court, stating that he

> received five individual summons in the mail last night, but [he has] decided to hold on to them because [he] cannot carry-out the complete order of her honor, because: (1) the court is the only one that has a complete copy of the FAC because Corcoran State Prison's law librarian forced [him] to lodge it that way on 11-23-10; (2) [he]

> still ha[s] absolutely no use of the law library facilities; [and] (3) now mail is extremely limited . . . because Corcoran State Prison cannot or don't want to provide stationery and legal mail materials.

(Pl.'s May 31, 2011 Letter at 1.) The Court construes this letter as Plaintiff's request for another extension of time to provide proof of service of process on the aforementioned Defendants.

For the reasons outlined below, the Court: (1) DENIES Plaintiff leave to file a motion for reconsideration of the Court's dismissal of his ADA and Section 504 claims against PBSP and the CDCR; (2) DENIES his third request for appointment of counsel; and (3) GRANTS him a third extension of time to provide proof of service of process on the aforementioned Defendants.

## DISCUSSION

### I.     Motion for Leave to File a Motion for Reconsideration

In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. Civil L.R. 7-9(a). No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. Id. The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. Civil L.R. 7-9(b). Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule. Civil L.R. 7-9(c).

In the instant motion for leave to file a motion for reconsideration, Plaintiff has not shown that a material difference in fact or law exists, or that there has been an emergence of new facts or a change in the law. Though not entirely clear, Plaintiff appears to argue that there was a failure by the Court to consider material facts. He argues that he "did make some mention of being excluded from programs" and proceeds to list pages and exhibits from his amendment to the FAC that allegedly were overlooked in the Court's initial review. The Court has once again reviewed these

3

pages and exhibits, and it finds they do not correct the pleading deficiencies of his ADA and Section 504 claims, as explained below.

In its May 10, 2011 Order, the Court stated as follows:

> Specifically, Plaintiff claims that he is an individual with a disability, i.e. he is a disabled veteran with frostbite residuals, and that the CDCR and PBSP have "instituted a policy, although unwritten and illegal, of discrimination, retaliation, and torture, as a means of force to be reckoned with." (Am. to FAC at 1.) He alleges that PBSP and the CDCR created "tortuous living environments for [him] to live in; environment constructions in direct corresponse [sic] to known medical impediments; torture that lead to exploiting [his] feet condition by constant cold and wet weather living conditions." (Id. at 13.)

(May 10, 2011 Order at 4.) As explained above, Plaintiff's ADA and Section 504 claims were dismissed on the grounds that he did not allege the remaining two elements of a cognizable ADA claim, specifically that he has been excluded from participating in a prison program or service, and such exclusion is by reason of his disability. The Court determined that Plaintiff merely made "conclusory arguments that PBSP and the CDCR carried out a "campaign of torture" against [him]." (Id. (quoting Am. to FAC at 14).) The Court also noted that Plaintiff "may not request punitive damages if he wishes to sue under Title II of the ADA." (Id. (citing Barnes v. Gorman, 536 U.S.181, 189 (2002)).)

Plaintiff argues that the Court did not consider certain pages and exhibits in his amendment to the FAC, which allegedly show that he was excluded from participating in a prison program or service. Upon reviewing these pages and exhibits, the Court finds that in those pages Plaintiff alleges various instances of denial of medical care,[2] and in those exhibits he has attached 602 inmate appeals relating to this denial of medical care. Even if Plaintiff could successfully show that he was excluded from participating in a prison program or service, he still fails to show that such exclusion was by reason of his disability. Moreover, the Court still finds that Plaintiff's allegations in the pages and exhibits he lists are conclusory and do not otherwise require reconsideration.

For example, Plaintiff points to exhibit 3, a 602 appeal in which he claims that medical staff submitted a false medical chrono stating that he "is able to perform activities." (Am. to FAC, Ex. 3

---

[2] It is important to note that the Court has previously found that Plaintiff has stated cognizable claims of deliberate indifference to his serious medical needs and supervisory liability against the aforementioned Defendants on whom Plaintiff must accomplish service of process. (Oct. 29, 2010 Order at 5-8.)

4

at 1.) In this appeal, Plaintiff claimed he is "handicapped;" therefore, he alleged that "the staff member who wrote [the medical chrono] is a 'lying racist.'"  (Id.)  This exhibit is entirely conclusory; in addition, the Court considered such document in its original determination that Plaintiff had made conclusory arguments that prison officials "carried out a 'campaign of torture' against [him]."  (May 10, 2011 Order (quoting Am. to FAC at 14).)

Plaintiff also points to exhibit 4, a 602 appeal in which Plaintiff requests a "Disability Placement Program Verification" that "provides him accommodation relative to a cane, bathing, grooming, lower bunk, and no stairs."  (Id., Ex. 4 at 1.)  His request was denied because prison officials found that there was "no objective medical evidence that [Plaintiff] suffers from any mobility impairments."  (Id.)  Plaintiff ostensibly could rely on this exhibit to show that he was excluded from participating in a prison program or service; however, the exhibit does not show or suggest that such exclusion was by reason of his disability.  To the contrary, exhibit 4 shows that Plaintiff could have been excluded from this particular program -- not by reason of his disability -- but because prison officials could not verify that he was eligible for such a program without any medical proof that he was mobility impaired.  (Id.)

Lastly, Plaintiff points to exhibit 2, a settlement agreement in a previous action, Case No. 05-1098 SBA (pr), which was entered on August 5, 2007.  (Id., Ex. 2 at 1-3.)  The settlement agreement was filed in an action that involved Plaintiff's claim that PBSP prison officials were deliberately indifferent to his serious medical needs "by allegedly denying him medical treatment for his foot injury."  (Id. at 1.)  However, nowhere in this exhibit does Plaintiff allege the remaining two elements of a cognizable ADA.

In sum, Plaintiff's allegations in his motion for leave to file a motion for reconsideration fail to show that there was "manifest failure by the court to consider material facts which were presented to the court."  See Civil L.R. 7-9(b).

Accordingly, Plaintiff has not established grounds for reconsideration, and his motion for leave to file a motion for reconsideration (docket no. 48) is DENIED.

5

## II. Motion for Appointment of Counsel

Plaintiff has filed a third request for appointment of counsel. The Court has denied his previous two requests. For the same reasons, Plaintiff's third request for appointment of counsel (docket no. 48) is also DENIED.

## III. Ineffective Service of Process on Defendants

In the Court's May 10, 2011 Order, the Court determined that the record showed that Plaintiff failed to successfully accomplish service of process on Defendants Horel, Sayre, Rowe, Williams and Douglas. The Court explained the procedure for service of process that Plaintiff should follow, stating:

> Under Federal Rule of Civil Procedure 4, an individual defendant may be served with process by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or "(2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Service by mail is not allowed under Rule 4.
>
> Although Rule 4 allows a plaintiff to utilize methods allowed by state law, California law does not allow for service of process by simply mailing a copy of the summons and complaint to a defendant. Instead, if one wants to try to use the mail for service in California, he must use the specific notice and acknowledgment of receipt procedure described in California Code of Civil Procedure § 415.30. Under that method, the following must be mailed first class to the defendant by someone other than the plaintiff: (a) a copy of the summons and complaint, or in this case -- the FAC, (b) two copies of the notice and acknowledgment form, and (c) a return envelope, postage prepaid, addressed to the sender. The notice and acknowledgment form must be in "substantially the form" as that in the text of § 415.30(b). If a defendant mails back the form, service is deemed complete upon his execution of the written acknowledgment of receipt of summons. Cal. Code Civ. Proc. § 415.30(c). If a defendant does not mail back the form within twenty (20) days, the plaintiff must serve him by some other means, id. at § 415.30(d), such as one of those methods permitted by Federal Rule of Civil Procedure 4(e). This state procedure has many similarities to Rule 4(d)'s waiver of service procedure, but a plaintiff must be extremely careful to follow all the steps that apply to the particular procedure he chooses.

(May 10, 2011 Order at 2-3.)

As mentioned above, Plaintiff was directed to file proof of service of process, showing that the summons and FAC were successfully served on Defendants Horel, Sayre, Rowe, Williams and Douglas by June 10, 2011; however, that deadline has passed. Instead, Plaintiff now submits a letter stating that he "cannot carry-out the complete order" of the Court. (Pl.'s May 31, 2011 Letter at 1.)

6

1    First, Plaintiff claims that he cannot accomplish service of process because he does not have a copy
2    of the FAC. Therefore, the Court directs the Clerk to send Plaintiff a copy of the thirty-two page
3    FAC (docket no. 11), without any of the attached exhibits because they are over 100-pages.[3]
4    Second, while Plaintiff claims that he has "absolutely no use of law library facilities," the Court
5    notes that Plaintiff need not access the law library to obtain the procedure of how to accomplish
6    service of process because the Court has supplied him with these procedures in previous Orders and
7    once again, above, in this Order.

8    Finally, Plaintiff claims prison officials "don't want to provide stationery and legal mail
9    material." However, Plaintiff successfully sent his May 31, 2011 letter to the Court, which supports
10   the conclusion that he does have access to such materials. The Court further notes that on April 26,
11   2011, Plaintiff successfully filed another civil rights action, Case No. 11-2032 EJD (PR), in this
12   Court. He also submitted his in forma pauperis application in that action on May 17, 2011. Again,
13   by all accounts, it is apparent that Plaintiff has access to stationery and "legal mail material" in
14   order to pursue his pending actions. However, if Plaintiff has previously been denied such access,
15   then -- unless there are valid security concerns -- the Court encourages prison officials at California
16   State Prison - Corcoran to provide Plaintiff with access to stationery and "legal mail material" so
17   that he can accomplish service of process by the new deadline, and that the case can be dismissed if
18   he does not.

19   In any event, the Court finds that Plaintiff may have one additional chance to accomplish
20   service of process. Accordingly, the Court GRANTS Plaintiff a third extension of time to file proof
21   of service of process. No later than **July 18, 2011**, Plaintiff must file proof of service of process,
22   showing that the summons and FAC were successfully served on Defendants Horel, Sayre, Rowe,
23   Williams and Douglas, as directed below. This, in fact, is the **FINAL** chance the Court will give
24   Plaintiff before it dismisses all claims against these Defendants, pursuant to Rule 4(m) of the Federal
25   Rules of Civil Procedure, if he fails to accomplish service of process by the new deadline.

---

[3] In Plaintiff's May 31, 2011 letter, he states that he lodged his FAC on "11-23-10;" however, the record shows that it was his amendment to the FAC which was filed at that time. The Court notes that the operative complaint in this action is the FAC filed on November 17, 2008 (docket no.11); therefore, Plaintiff must file proof of service of process, showing that the summons and **FAC** -- not the amendment to the FAC -- were successfully served on the aforementioned Defendants.

7

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's motion for reconsideration, which has been construed as a motion for leave to file a motion for reconsideration, (docket no. 48) is DENIED.

2. Plaintiff's third request for the appointment of counsel (docket no. 48) is DENIED.

3. The Court GRANTS Plaintiff a third extension of time to file proof of service of process. No later than **July 18, 2011**, Plaintiff must file proof of service of process, showing that the summons and FAC were successfully served on Defendants Horel, Sayre, Rowe, Williams and Douglas. However, if Plaintiff has been previously denied access to stationery and "legal mail material," then -- unless there are valid security concerns -- the Court encourages prison officials at California State Prison - Corcoran to provide Plaintiff with access to stationery and "legal mail material" so that he can accomplish service of process by the new deadline, and that the case can be dismissed if he does not.

   a. If Plaintiff attempts to use the notice and acknowledgment of receipt procedure outlined above, and one or more Defendants do not mail back the forms, he must show that he has used another method to accomplish service of process by the deadline above.

   b. **Failure to file proof by the deadline that service of process was successfully accomplished by the deadline above will result in the dismissal of all claims against any unserved Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, <u>and thus the dismissal of this entire action because the only claims pending are claims of deliberate indifference and supervisory liability against the unserved Defendants</u>. Because Plaintiff has already been granted two previous extensions of time to serve Defendants, <u>no further extensions with be granted absent exigent circumstances</u>.**

4. The Clerk shall send Plaintiff a copy of the thirty-two page FAC (docket no. 11), without any of the attached exhibits.[4]

---

[4] The Court is not directing the Clerk to send a courtesy copy of the exhibits attached to the FAC because they are over 100-pages long. If Plaintiff needs a copy of these exhibits, he shall submit a request for the Clerk to photocopy these exhibits as well as the required payment for such photocopies.

8

5. This Order terminates Docket no. 48.

IT IS SO ORDERED.

DATED:  6/24/11

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

| DANNY CAESAR, | Case Number: CV08-01977 SBA |
|---|---|
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ROBET HOREL et al, | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny L. Caesar D-07644
Corcoran State Prison
P.O. Box 3481
Corcoran, CA 93212

Dated: June 28, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Caesar1977.denyRECONS&grant3rdEOT-service.wpd