IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CAESAR,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT HOREL, et al.,<br><br>    Defendants. | No. C 08-1977 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR A FOURTH EXTENSION OF TIME TO FILE PROOF THAT HE SUCCESSFULLY ACCOMPLISHED SERVICE OF PROCESS ON DEFENDANTS; AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>(Docket no. 51) |

Before the Court is Plaintiff's request for a fourth extension of time to file proof that service of process on Defendants has been successfully accomplished.

For the reasons outlined below, the Court DENIES Plaintiff's request for a fourth extension of time, and DISMISSES this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**BACKGROUND**

On April 16, 2008, Plaintiff, a state prisoner currently incarcerated at California State Prison - Corcoran, filed a pro se prisoner complaint under 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison (PBSP), where he was formerly incarcerated. Thereafter, Plaintiff filed a first amended complaint (FAC) adding additional Defendants, and he also filed an amendment to the FAC. Plaintiff paid the full filing fee.

The Court will not repeat the long procedural history of this case, which has been addressed in recent orders. Instead, the Court will include only the parts of the procedural history that are relevant to the issues in this Order.

On October 29, 2010, the Court reviewed the FAC and found that Plaintiff's allegations stated a cognizable claim of deliberate indifference to serious medical needs against Defendants Horel, Sayre, Rowe, Williams and Douglas, as well as cognizable supervisory liability claims against Defendants Horel and Sayre. However, the Court explained that Plaintiff, rather than the U.S. Marshal, had to tend to serving the summons and FAC on these Defendants because he paid the

filing fee in this matter and was not proceeding as a pauper.  Since the complaint was pending for over 120 days and service upon Defendants had not been effectuated, the Court warned Plaintiff that the complaint was subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure, which provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The Court ordered that Plaintiff "shall either provide the Court with proof of service of the summons and [FAC] upon the Defendants against whom he alleges his deliberate indifference to serious medical needs and supervisory liability claims, or otherwise show cause why the [FAC] should not be dismissed without prejudice as to each unserved Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure."  (Oct. 29, 2010 Order at 13.)

In an Order dated December 1, 2010, the Court granted Plaintiff's request for an extension of time up to and including December 30, 2010 for him to respond to the Court's October 29, 2010 Order.

On November 23, 2010, Plaintiff attempted to serve process on Defendants by mailing the summons, the FAC, and the amendment to the FAC to them by "placing a true copy(s) or said documents enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States Mail, in a deposit box so provided at Corcoran State Prison, Corcoran, CA 92312" and addressed to each Defendant.

In an Order dated May 10, 2011 Order, the Court determined that the "method employed by Plaintiff to accomplish service of process was defective," stating:

> Defendants have never responded and have not appeared in this action. Instead, Plaintiff has submitted a document entitled, "Joint Case Management Statement," to which he has attached a letter from William Barnts, the litigation coordinator at PBSP, who stated that he was "returning the lawsuit packets back to [Plaintiff]" because "the service of the lawsuit is invalid." (Dec. 3, 2010 Letter by Litigation Coordinator William Barnts at 1.) Therefore, the record shows that Plaintiff failed to successfully accomplish service of process.

(May 10, 2011 Order at 3.)  The Court granted Plaintiff "one **final** chance to accomplish service of

2

process," stating: "No later than **June 10, 2011**, [he] must file proof[] of service showing that the summons and FAC were successfully served on Defendants Horel, Sayre, Rowe, Williams and Douglas . . . ."  (Id. (emphasis in original).)  The Court directed the Clerk of the Court to "issue a summons for each of the following Defendants -- **Warden Robert Horel, Chief Medical Officer Dr. Sayre, Primary Care Provider Dr. Rowe, Physician C. Williams and Psychiatrist Dr. Douglas** -- all of whom apparently were employed at PBSP during the time period of the alleged constitutional violations, and shall send those summonses to Plaintiff for his use in service of process."  (Id. at 5 (emphasis in original).)

On May 31, 2011, Plaintiff sent a letter to the Court, stating that he

> received five individual summons in the mail last night, but [he has] decided to hold on to them because [he] cannot carry-out the complete order of her honor, because: (1) the court is the only one that has a complete copy of the FAC because Corcoran State Prison's law librarian forced [him] to lodge it that way on 11-23-10; (2) [he] still ha[s] absolutely no use of the law library facilities; [and] (3) now mail is extremely limited . . . because Corcoran State Prison cannot or don't [sic] want to provide stationery and legal mail materials.

(Pl.'s May 31, 2011 Letter at 1.)  The Court construed Plaintiff's May 31, 2011 letter as a request for another extension of time to provide proof that service of process on Defendants has been successfully accomplished.

In an Order dated June 24, 2011, granted Plaintiff yet another extension of time -- his third one.  The Court also directed the Clerk to send Plaintiff a copy of the thirty-two page FAC.  In granting Plaintiff his third extension of time, the Court stated:

> No later than **July 18, 2011**, Plaintiff must file proof of service of process, showing that the summons and FAC were successfully served on Defendants Horel, Sayre, Rowe, Williams and Douglas, as directed below.  This, in fact, is the **FINAL** chance the Court will give Plaintiff before it dismisses all claims against these Defendants, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, if he fails to accomplish service of process by the new deadline.

(June 24, 2011 Order at 7.)

The Court further stated:

> a.  If Plaintiff attempts to use the notice and acknowledgment of receipt procedure outlined above, and one or more Defendants do not mail back the forms, he must show that he has used another method to accomplish service of process by the deadline above.

3

      b.  **Failure to file proof by the deadline that service of process was <u>successfully accomplished</u> by the deadline above will result in the dismissal of all claims against any unserved Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, <u>and thus the dismissal of this entire action because the only claims pending are claims of deliberate indifference and supervisory liability against the unserved Defendants</u>.  Because Plaintiff has already been granted two previous extensions of time to serve Defendants, <u>no further extensions with be granted absent exigent circumstances</u>.**

(<u>Id.</u> at 8 (emphasis in original).)

In the present motion, dated July 12, 2011, Plaintiff requests yet another extension of time to file proof that service of process on Defendants has been successfully accomplished.  He claims that he "didn't receive the [June 24, 2011] ORDER until 7-1-11."  (Pl.'s July 12, 2011 Mot. at 1.)  He also claims that his "first law library visit was 7-8-11; second and final visit 7-12-11, which will allow [him] to photocopy (one for each of the five summons, [he] will mail out shortly, with the aid[] of another inmate) . . . ."  (<u>Id.</u>)  Plaintiff adds, "Enclosed are the proof of service of each of the summons served thusfar, in accordance [with] California Code of Civil Procedure § 415.30."  (<u>Id.</u>)  He also complains that "the timeline imposed by the Court (June 21st 2011 til July 18th 2011) do[es]n't allow Plaintiff enough time to follow the first step of serving by mail - and await[ing] a twenty (20) day response before perhaps taking the second step, which would be the Federal Rules of Civil Procedure, Rule 4: personally serving defendants."  (<u>Id.</u> at 1-2.)  Therefore, Plaintiff asks the court "to determine a reasonable time frame in order for Plaintiff to execute the second step of the SERVING process, should that be necessary, which would be in accordance with Federal Rules of Civil Procedure, Rule 4."  (<u>Id.</u> at 3.)

## **DISCUSSION**

In its May 10, 2011 Order, the Court explained the procedure for service of process that Plaintiff should follow, stating:

> Under Federal Rule of Civil Procedure 4, an individual defendant may be served with process by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or "(2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).  Service by mail is not allowed under Rule 4.

4

>Although Rule 4 allows a plaintiff to utilize methods allowed by state law, California law does not allow for service of process by simply mailing a copy of the summons and complaint to a defendant. Instead, if one wants to try to use the mail for service in California, he must use the specific notice and acknowledgment of receipt procedure described in California Code of Civil Procedure § 415.30. Under that method, the following must be mailed first class to the defendant by someone other than the plaintiff: (a) a copy of the summons and complaint, or in this case -- the FAC, (b) two copies of the notice and acknowledgment form, and (c) a return envelope, postage prepaid, addressed to the sender. The notice and acknowledgment form must be in "substantially the form" as that in the text of § 415.30(b). If a defendant mails back the form, service is deemed complete upon his execution of the written acknowledgment of receipt of summons. Cal. Code Civ. Proc. § 415.30(c). If a defendant does not mail back the form within twenty (20) days, the plaintiff must serve him by some other means, id. at § 415.30(d), such as one of those methods permitted by Federal Rule of Civil Procedure 4(e). This state procedure has many similarities to Rule 4(d)'s waiver of service procedure, but a plaintiff must be extremely careful to follow all the steps that apply to the particular procedure he chooses.

(May 10, 2011 Order at 2-3.)

As mentioned above, Plaintiff was directed to file proof of service of process, showing that the summons and FAC were successfully served on Defendants Horel, Sayre, Rowe, Williams and Douglas by July 18, 2011; however, that deadline has passed. Instead, Plaintiff now submits yet another request for an extension of time to file proof that service of process was successfully accomplished because, apparently, he claims the Court did not allow Plaintiff "enough time to follow the first step of SERVING by mail . . . ." (Pl.'s July 12, 2011 Mot. at 1.) To the contrary, the Court has already granted Plaintiff three previous extensions of time to provide proof of service of process on the aforementioned Defendants. While Plaintiff has now attempted to submit copies "proof of service of each of the summons served thusfar, in accordance [with] California Code of Civil Procedure § 415.30," the Court notes that the most recent Order clearly states that no later than July 18, 2011, Plaintiff was to file "**proof by the deadline that service of process was <u>successfully accomplished</u>** . . . ." (June 24, 2011 Order at 8.) Plaintiff has failed to do so, as explained below.

Attached to Plaintiff's motion for an extension of time are five documents entitled, "Proof of Service," naming each of the aforementioned Defendants. However, none of these documents indicate that service of process on Defendants has been successfully accomplished. Instead, these documents merely state that the summons was received by a "server" named Henry Edward Nolkemper on "5-25-11" and that Mr. Nolkemper "left the summons at . . . Pelican Bay State

5

Prison's Litigation Unit [with] a person of suitable age and discretion who resides there, on 7/12/11 . . . ." (Attach. to Pl.'s July 12, 2011 Mot. at 1.)

    Notwithstanding the three previous extensions and the Court's explicit prohibition on more extensions, Plaintiff asks for a fourth extension of time to provide proof that service of process was successfully accomplished. The Court finds that Plaintiff has been dilatory, that he has failed to make a showing of good cause, and that he has failed to show any exigent circumstances exist that would warrant a grant of another extension of time. As mentioned above, Plaintiff claims that the Court did not allow him "enough time to follow the first step of SERVING by mail . . . ." (Pl.'s July 12, 2011 Mot. at 1.) To the contrary, Plaintiff has been given ample opportunity to serve Defendants, especially considering this case was filed more than three years ago. Furthermore, Plaintiff has made one attempt -- albeit unsuccessful -- to serve process on Defendants previously, on November 23, 2010. When the Court determined that the method chosen by Plaintiff was defective, it gave him another chance to accomplish proper service of process and it carefully informed him of the correct procedure for service of process in its May 10, 2011 Order. The record shows that Plaintiff has had more than two months to study and perfect the correct procedure. At the same time the Court issued its May 10, 2011 Order, Plaintiff was even given copies of the summons necessary to complete service of process of Defendants.

    When Plaintiff asked for a third extension of time, the Court granted his request in its June 24, 2011 Order; however, it chose to only give him a brief extension in light of his previous extensions. Plaintiff claims that he only received the Court's June 24, 2011 Order on July 1, 2011; however, the record shows that it was not until July 12, 2011 before he even attempted to start the steps necessary to accomplish proper service of process. He claims he only received the copy of the FAC on July 11, 2011; however, the Court's docket indicates that it was mailed to him on July 1, 2011. He further claims that he would only be able to copy the FAC on July 12, 2011, during his law library visit. After being give three previous extensions to accomplish proper service, Plaintiff cannot now blame the Court for any alleged delay in supplying him with a copy of the FAC, when he should have made efforts to ensure that he possessed his own copy of the very document that is necessary to pursue this lawsuit.

6

As mentioned above, under California law, in order to effectuate service of process by mail, a plaintiff must mail the defendant a copy of the summons and complaint (or the FAC, in this case), two copies of a notice and acknowledgment of receipt form, and a return envelope, postage prepaid, addressed to the sender. Cal. Code. Civ. Pro. § 415.30(a). Here, according to the Plaintiff, he "will mail out shortly" the summons and the FAC; however, there is no indication that he planned to also mail two notice and acknowledgment of receipt forms and prepaid return envelopes, as required by California law. Thus, Plaintiff's purported plans to serve Defendants by mail are not in accord with California law, or with Rule 4(e) of the Federal Rules of Civil Procedure. Plaintiff also has not shown cause for his failure to serve Defendants even after being given several chances to do so. In its June 24, 2011 Order, the Court made it clear that no further extensions of time would be granted, stating: "This, in fact, is the **FINAL** chance the Court will give Plaintiff before it dismisses all claims against these Defendants, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, if he fails to accomplish service of process by the new deadline." (June 24, 2011 Order at 7.) Therefore, the Court DENIES Plaintiff's fourth request for an extension of time to file proof that service of process was successfully accomplished (docket no. 51).

In sum, Plaintiff was directed to file proof that service of process was successfully accomplished on Defendants Horel, Sayre, Rowe, Williams and Douglas by July 18, 2011; however, he did not do so and that deadline has passed. The Court has denied Plaintiff's fourth request for an extension of time to serve Defendants because the record shows that he has been dilatory, even after being instructed on the proper procedure to serve Defendants and after being granted three previous extensions. The complaint in this matter has been pending for well over 120 days, and, to date, service upon Defendants has not been effectuated. Plaintiff has failed to show cause why the complaint should not be dismissed without prejudice pursuant to Rule 4(m). See, e.g., Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (finding dismissal of defendant under former version of Rule 4(m) appropriate where incarcerated plaintiff, proceeding pro se, failed to provide Marshal with sufficient information to serve defendant or to show he had in fact requested that defendant be served).

Accordingly, Plaintiff's FAC is DISMISSED without prejudice pursuant to Rule 4(m).

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. The Court DENIES Plaintiff's fourth request for an extension of time to file proof that service of process was successfully accomplished on Defendants (docket no. 51).

2. Plaintiff's FAC is DISMISSED without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

3. The Clerk of the Court shall close the file and enter judgment in accordance with this Order.

4. This Order terminates Docket no. 51.

IT IS SO ORDERED.

DATED:  7/25/11

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CAESAR, | Case Number: CV08-01977 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ROBET HOREL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny L. Caesar D-07644
Corcoran State Prison
P.O. Box 3481
Corcoran, CA 93212

Dated: July 25, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Caesar1977.dismiss(4m).wpd        9